### TRICO PRODUCTS CORPORATION v. E. A. LABORATORIES, Inc.

#### No. 5411.

District Court, E. D. New York.

Jan. 29, 1944.

George T. Bean, of New York City (Edwin T. Bean, of Buffalo, of counsel), for plaintiff.

Duell & Kane, of New York City (David S. Kane, Philip T. Dalsimer, and Andrew G. Hubbard, all of New York City, of counsel), for defendant.

CAMPBELL, District Judge.

This case comes before the Court on several motions. Defendant moves:

1. Motion made on behalf of the defendant that the accounting and all proceedings or matters in or relating thereto be dismissed for want of prosecution on the part of the plaintiff, or for such other or further reasons as may be deemed appropriate.

2. That the supplemental bill of complaint in the above entitled action, which bill of complaint was attached to an order to show cause signed by Judge Inch on May 7, 1936, be dismissed on the ground of laches, failure of prosecution under Rule 24 of this Court, or for such other reasons as may be deemed appropriate.

3. That the motion to punish for contempt, attached to the order to show cause signed by Judge Galston and filed on March 4, 1935, and referred by Judge Campbell to the Master John L. Lotsch by an order dated April 17, 1935, and the subsequent report filed by the Master John L. Lotsch November 13, 1935, be dismissed for laches, failing to prosecute or for such other reason as may be deemed appropriate.

4. Defendant further moves for such other, further and different relief which the court may deem just, proper and appropriate.

Plaintiff moves:

5. This court to appoint a successor to Special Master Frederick R. Crane to take and state an account of the profits, gains, savings or advantages which said defendant has made or derived by reason of the infringement, as well as the damages which plaintiff has sustained by reason of said infringement as set forth in the decree on mandate.

The plaintiff does not oppose the granting of defendant's motions 2 and 3, that is, for dismissal of the supplemental bill of complaint, and for dismissal of the motion to punish for contempt, and they are granted.

This leaves for consideration defendant's motion 1 for dismissal of the accounting proceedings, and plaintiff's motion 5 for the appointment of a substituted Master as the successor of Special Master Frederick R. Crane, deceased.

As the same facts will of necessity be referred to in the consideration of motions 1 and 5 I will consider them together.

On October 30, 1934, John L. Lotsch was appointed Special Master to take and state an account of profits.

On December 8, 1934, the Master ordered defendant to take and file with the Master a verified account "which shall show the extent of infringement by defendant of claims 1, 2, 3 and 4 of the Garratt Patent No. 1,434,655."

On December 26, 1934, the defendant duly filed its statement showing

| | |
|---|---|
| Net proceeds | $15,195.35 |
| Manufacturing cost | 11,322.00 |
| Profits | $ 3,873.35 |

Master Lotsch resigned on December 19, 1935. On the same day Frederick R. Crane was appointed Master.

Between April 15, 1936, and April 28, 1936, the plaintiff examined John M. Aufiero before Master Crane and Mr. Carbonaro

and Mr. Kanka. Possibility of settlement of the accounting without recourse to further proceedings before Master Crane having been discussed during the Summer of 1936.

On June 13, 1936, the parties stipulated that "no further proceedings in the accounting in the above case shall be taken by either party prior to the September or earlier Fall Equity Term of this court."

No agreement was reached and plaintiff did not proceed.

Plaintiff has taken no steps to continue the accounting proceedings.

Special Master Crane died on the 26th day of January, 1941, and plaintiff took no steps to have a successor Master appointed.

Defendant made efforts to arrive at a settlement with which plaintiff did not cooperate with any speed.

The duty rested on the plaintiff to proceed with the prosecution of the accounting proceedings, and, while under Rule 53(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, either party may apply to the court for an order requiring the Special Master to speed the proceedings and make his report, the failure of the defendant so to do does not relieve plaintiff, especially when you consider that nothing has been done for about seven and one-half years. About three years of that time has elapsed since the death of the Master, and surely the defendant was under no duty to apply for the appointment of a Master in succession to Master Crane.

In fact nothing was done by plaintiff, and the proceedings were dormant until defendant made its motion to dismiss when plaintiff countered with its present motion to appoint a Master in succession to Master Crane, who died about three years before that time.

Plaintiff contends that dismissal should not be granted merely for lapse of time, and while some cases are cited by plaintiff in support of that contention, they lose weight in view of the present day efforts of the courts to prevent the clogging of the dockets of the District Courts with proceedings in which no action is taken within a year.

The motions to dismiss these proceedings do not rest entirely upon mere lapse of time, but also upon the fact that defendant has been compelled to pay an annual premium on its bond of $500, for a long period of time; the fact that Mr. Carbonaro and Mr. Kanka, foremen, who would be important witnesses for defendant, are no longer in its employ. Mr. Carbonaro having left September 13, 1941, and Mr. Kanka having left April 9, 1937, and the defendant of which Mr. Aufiero is president and active manager, is actually engaged in war work, which would make it very hard for him to give the proper attention to such proceedings, if they were again brought to life.

If plaintiff is entitled to any greater sum than defendant reported, it seems hard for me to believe plaintiff would have waited all this time to show it.

The plaintiff is, by defendant's own admission, entitled to recover $3,873.35. The estate of the deceased Master, Frederick R. Crane, is awarded $200 for the services rendered by him as Special Master, and plaintiff should have the costs.

Plaintiff is not, however, entitled to receive from defendant any part of the sum of the charges of the accountants, as the defendant was not by the stipulation required to pay any part thereof, unless plaintiff recovered more than the amount reported.

If the defendant shall pay to the plaintiff, or its attorney, the sum of $3,873.35 with the costs to be taxed, if plaintiff shall tax them within twelve days after the filing of the order to be entered hereon, and the payment to the personal representative of the former Master, Frederick R. Crane, deceased, the sum of $200 within twenty days after the filing of the order to be entered hereon, or, if such payments, or any of them, can not, for any reason, be made to the parties named, the defendant shall within that time deposit the same with the Clerk of this Court, subject to the further order of this Court, defendant's motion 1 to dismiss will be granted upon furnishing proof thereof by affidavit and on notice to the plaintiff, and plaintiff's motion 5 for the appointment of a successor Master will be denied.

If such payments shall not be made, or the money deposited with the Clerk of the Court within that time, except the costs if plaintiff shall have failed to tax within the twelve days after the filing of the order to be entered thereon, then, on notice to the defendant the defendant's motion 1 to dismiss shall be denied, and the plain-

tiff's motion 5 to appoint a successor Master shall be granted. .

Of course, the decision of these motions does not affect the interlocutory judgment herein, except as to the provision for accounting before the Master.